1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

|  |  |
|---|---|
| SERGIO ANDRES TIRADO-LIZARRAGA,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 23-cv-01411-RS<br><br>**ORDER DENYING MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiff Sergio Andres Tirado-Lizarraga alleges that in March of 2018 he purchased a 2018 Ford F-150 pickup truck. In January of 2023, Tirado-Lizarraga filed suit against Ford Motor Company in Alameda County Superior Court claiming breach of warranty under California's "lemon law." Tirado-Lizarraga sought damages in an unspecified amount, praying for "general, special, and actual damages," for rescission and "restitution of all monies expended," for diminution in value, for "incidental and consequential damages," for a civil penalty of double the actual damages, for prejudgment interest, and for attorney fees.

Ford was served with summons and complaint on January 20, 2023. Over two months later, Ford filed a notice of removal, asserting it had not been able to ascertain that the amount in controversy was sufficient to support removal jurisdiction until it obtained a copy of the sales contract from the dealership that sold the truck. Tirado-Lizarraga now moves to remand, arguing Ford knew from the outset the jurisdictional minimum was satisfied, and that the removal was

therefore untimely.

Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for June 8, 2023, has been vacated. Although Ford likely could have plausibly alleged satisfaction of the jurisdictional minimum at an earlier time, it was under no obligation to do so where the complaint was indeterminate. Accordingly, the motion to remand must be denied.

## II.  LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves complete diversity of citizenship, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Generally, courts strictly construe the removal statute against finding federal subject matter jurisdiction, and where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003

A removing defendant must comply with the mandatory time limits of 28 U.S.C. § 1446(b). *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). While untimely removal is a procedural rather than jurisdictional defect, *Maniar v. F.D.I.C.*, 979 F.2d 782, 785 (9th Cir. 1992), "a timely objection to a late petition [for removal] will defeat removal . . . ." *Fristoe,* 615 F.2d at 1212.

## III.  DISCUSSION

Under section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the

United States District Court
Northern District of California

1    case is one which is or has become removable if the case stated by the initial pleading is not

2    removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (internal

3    quotation marks omitted); *see* § 1446(b). For a party to start the clock, it must affirmatively reveal

4    facts that give notice to possible federal subject matter jurisdiction. *Durham v. Lockheed Martin*

5    *Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *Harris*, 425 F.3d at 695. To determine whether a

6    party had notice that a case was removable, courts look at "the four corners of the applicable

7    pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d

8    at 694. While defendants "need not make extrapolations or engage in guesswork," they are

9    required "to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v.*

10   *BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

11           Here, Ford contends removability was not ascertainable from the face of the complaint

12   because Tirado-Lizarraga alleged no specific amount of damages, and did not disclose the

13   purchase price of the vehicle or even whether it was sold new or used. Ford therefore did not

14   remove the action to this court until after it requested, and received, a copy of the sales contract

15   from the dealer.

16           As Ford's notice of removal correctly observes, a defendant's initial burden is only to

17   assert "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

18   Dkt. No. 1, para. 17, citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) and *Dart*

19   *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). Ford now contends the

20   $75,000 amount in controversy threshold is exceeded by far because merely taking the $52,559.54

21   purchase price of the vehicle and adding $105,119.08 as a double civil penalty results in a total

22   amount in controversy of not less than $157,678.62. Ford expressly notes that attorney fee claims

23   are properly included in the calculation and would push the figure even higher, as would any

24   incidental or consequential damages. Dkt. No. 1, para. 34. Tirado-Lizarraga does not dispute that

25   the threshold is satisfied—he argues only that Ford knew as much from the outset.

26           Under Ford's own approach, even omitting attorney fees or other claims, the amount in

27   controversy would meet the jurisdictional minimum as long as the purchase price of the vehicle

28

was at least $25,000.[1] While Ford may not have known whether the vehicle was sold used or new, it knew that it was a 2018 model, sold in early 2018. Even if it is not inconceivable that a dealer might have sold a particular 2018 F-150 truck in early 2018 for under $25,000, Ford likely could have made a "plausible allegation" that the amount in controversy well exceeded $75,000, even before it obtained the sales contract.

Ford, however, was under no obligation to do so. In *Kuxhausen*, the trial court had granted a motion to remand as untimely a removal under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), which has a $5 million amount in controversy requirement. Although the complaint did not state the amount claimed, the district court "was influenced by the fact that for a 200 member class, the average contract price per vehicle needed only to exceed $25,000 in order to put greater than five million dollars in controversy." *Id.* at 1141.

The Ninth Circuit rejected the district's court's apparent conclusion that the "sum was a plausible-enough guess for a case involving German luxury automobiles, perhaps doubly so since [the named plaintiff's] individual vehicle contract was more than twice that amount." *Id.* The court explained:

> The fact remains, however, that we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove . . . . This principle helps avoid a "Catch–22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all, because . . . the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate . . . .Thus, because nothing in [the] complaint indicated that the amount demanded by each putative class member exceeded $25,000, it fell short of triggering the removal clock under Section 1446(b).

*Id.* (citations and quotations omitted).

---

[1] Ford argues that any "mileage offset" does not factor into the amount in controversy calculation. Even assuming it should, however, it would not be reasonable to assume it would be so great as to bring the number below the threshold here.

United States District Court
Northern District of California

*Kuxhausen* further noted, "whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin." *Id.* at 1141 n.3. Thus, the court explained, the plaintiff was incorrect to assert that because the defendant *could* have ventured beyond the pleadings to demonstrate removability initially it was therefore *obligated* to do so. *Id.*

It likely is true that Ford could have, consistent with the removal statute and Rule 11, filed a notice of removal within 30 days of service of the complaint that alleged satisfaction of the amount in controversy requirement. Indeed, had it done so, Tirado-Lizarraga would have been hard-pressed to make a showing that remand was warranted. Nevertheless, the fact that it would have been *plausible* for Ford to assume the purchase price was at least $25,000 and/or that attorney fees and other claims would take the amount in controversy past the jurisdictional threshold, is insufficient under *Kuxhausen*. Tirado-Lizarraga must bear the consequences of his own indeterminate pleading. The time to remove did not begin to run upon service of the complaint.

IV. CONCLUSION

The motion to remand is denied.

**IT IS SO ORDERED**.

Dated: June 6, 2023

_____
RICHARD SEEBORG
Chief United States District Judge